# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KEITH E. MCCLAIN, and JOYCE A. MCCLAIN,<br><br>Plaintiffs,<br><br>vs.<br><br>ETHICON ENDO-SURGERY, INC.,<br><br>Defendant. | 8:19CV53<br><br>STIPULATED PROTECTIVE ORDER |

Plaintiffs Keith E. McClain and Joyce A. McClain and Defendant Ethicon Endo-Surgery, Inc. ("EES") (collectively, the "Parties"), contemplate that discovery in the above-referenced action will involve the exchange of information and the production of documents and other materials that may contain trade secrets or information otherwise of a confidential or proprietary nature. As a result, the Parties agree to the following Stipulated Protective Order/Confidentiality Agreement ("Protective Order") that shall govern confidentiality of documents and information produced in this litigation.

**1. Introduction, Scope, and Applicability.** This Protective Order shall govern all documents and information exchanged (whether in writing, electronic, or other form) during this action, including, but not limited to, documents produced by the Parties or non-parties, deposition testimony, interrogatory answers, and responses to requests for admission, including materials identified in Paragraph 7 below, for which confidentiality is claimed. The documents and information governed by this Protective Order shall be collectively referred to as "Confidential Material."

This Protective Order is applicable to the Parties and any non-parties or potential future parties involved in this litigation. It is further applicable to the Parties' attorneys, agents, representatives, officers, and/or employees; to all Consultants retained by any party or Parties' attorneys; to all signatories to Exh. A; and to all other persons authorized under this Protective Order or any other Order of this Court to receive or review Confidential Material. It is expressly ordered that this Protective Order will not be used, in any manner or form, direct or indirect, as evidence in any trial or any hearing, or referred to in any trial or any hearing on the merits of this case, save and except a hearing which involves issues related to the enforcement of any provision

1

of this Protective Order. This provision is an essential part of this Protective Order and is not severable from any remaining paragraph or provision thereof.

**2. Designation of Confidential Material.** Confidential Material constitutes or relates to non-public, sensitive, or confidential information. This includes, but is not limited to, sensitive commercial information, financial or business plans, trade secrets, proprietary or sensitive research and development information, and private individual personal, health, or financial information. Such Confidential Material shall be so identified by including on each page the legend "Confidential," without obscuring, altering, or interfering with the legibility of the original page. For electronically stored information ("ESI") produced in image form, the legend shall be stamped onto each image. For ESI produced in native form, the designating party shall rename each file to include, at the end of the file and prior to the file extension, the term "Confidential."

Except with the prior consent of the producing party or upon prior order of a court of competent jurisdiction, Confidential Material shall not be disclosed except in accordance with the terms, conditions, and restrictions of this Protective Order.

**3. Documents Prepared for Regulatory Agencies and Permissible Redactions Generally.** Certain documents prepared in compliance with the regulations of the United States Food and Drug Administration contain material that is privileged and confidential under the patient-physician privilege or specific federal regulations governing clinical trials and adverse device experience reporting. To protect these privileges, all such documents produced by EES in response to a discovery request shall have redacted all information regarding the patient, physician, and reporter required to be protected by all applicable laws and regulations. Such redaction shall not be done in such a manner as to redact material data contained in such reports. It is the intent of this paragraph to be consistent with the requirements of 21 C.F.R. 20.63(f).

The producing party may redact from production information or material that is protected from disclosure by applicable privilege or immunity, that is governed by any applicable privacy law or regulation, that contains commercially-sensitive or proprietary non-responsive information, or that any order entered in this action allows to be redacted. In preparing document families for production, the producing party also may withhold entire attachments that are wholly non-responsive to any claim or defense and may produce slip-sheets in their place. All redactions must be clearly marked and identified. Any failure to redact information consistent with this paragraph does not waive any right to claims of privilege or privacy, or any objection, including relevancy,

as to the information not redacted, the specific document containing that information, or any other produced document.

**4. Limitations on Use of Confidential Material.** Subject to Paragraph 5 of this Protective Order, no Confidential Material shall, without prior written consent of the designating party: (a) be disclosed to anyone other than the Court and the persons and entities specified in Paragraph 5 hereof; or (b) be used by anyone other than the designating party for any purpose whatsoever other than the prosecution or defense of this litigation. Nothing herein shall detract from, or affect in any way, confidentiality obligations to which the Parties may be subject pursuant to agreements independent of this litigation.

Unless specifically provided otherwise in this Protective Order, each Authorized Person identified in Paragraph 5 below (other than the Court and its staff) who has possession or control of Confidential Material (including any person or entity acting on behalf of, or for the benefit of, such Authorized Person as permitted in this Protective Order): (a) shall not permit or enable unauthorized dissemination of Confidential Material to anyone; (b) shall take all necessary and prudent measures to preserve the security of Confidential Material, including measures to minimize risks of hacking of, and other unauthorized access to, systems on which Confidential Material is stored or through which it is transmitted; and (c) shall physically store, maintain, and transmit Confidential Material solely within the United States.

**5. Limitations on Persons Authorized to Have Access to Confidential Material.** Access to and disclosure of Confidential Material shall be limited to Authorized Personnel listed in this paragraph and shall not be provided, shown, made available, or communicated in any way to any other person or entity. Authorized Personnel are:

(a) Counsel for Plaintiffs, including partners and associates of counsel, and their paralegals, administrative assistants, secretaries, and other members of their clerical and administrative staffs;

(b) Counsel for the Defendant, including partners and associates of counsel, and their paralegals, administrative assistants, secretaries, and other members of their clerical and administrative staffs;

(c) Plaintiffs;

(d) Defendant;

(e) Outside experts or outside consultants for any party, including their administrative assistants, secretaries, and other members of the clerical and administrative staffs of those outside

experts or outside consultants whose advice and consultation are being or will be used by such party in connection with this proceeding, including any motions in this proceeding.

However, outside experts or outside consultants, as used in this paragraph, shall not include any employee of the receiving party. A party desiring to disclose Confidential Material to outside experts or consultants shall first obtain from each expert or consultant a Written Acknowledgments to Abide by the Terms of the Stipulation and Protective Agreement Regarding Confidentiality ("Acknowledgement") in the form provided in Exhibit A.[1]

Notwithstanding any other provision of this Order, disclosure of another party's Confidential Material to a Competitor of that party is prohibited. For purposes of this Protective Order, a "Competitor" is defined as a person or entity that is engaged in developing, selling, or buying goods or services in the same market as the disclosing party. A party shall not disclose to a consultant another party's Confidential Material without first: (i) making a duly diligent inquiry to confirm that the consultant is not a Competitor of the other party; and (ii) obtaining from the consultant a written declaration, under penalty of perjury, that he or she is not a Competitor of the designating party. The disclosing party shall retain each consultant's declaration for the Court's *in camera* review in the event of a dispute between the parties;

(f) The Court, the Court's staff, and the jury in this litigation;

(g) Employees of outside vendors providing coy services and exhibit preparation services in connection with this litigation;

(h) Stenographic reporters and videographers engaged for depositions or proceedings necessary to this action;

(i) Any person (a) who is identified as an author or recipient, including receipt by copy, of any document, information therein or tangible medium and is not otherwise shown prior to such disclosure not to have received the document, information therein or tangible medium or (b) who has been identified in writing by the designating party as having been provided with the document, information therein or tangible medium. Such persons shall be considered "Authorized Personnel" solely with respect to the specific document, information therein or tangible medium;

---

[1] Counsel making such disclosure shall retain executed Acknowledgements during the pendency of this litigation. Should an instance occur where documents subject to this order are publicly disseminated, counsel for each party shall file all executed Acknowledgements with the court for an in camera review.

(j) A witness at a deposition or pre-trial hearing, if it is reasonable to believe that the witness will give relevant testimony regarding the Confidential Material to be disclosed or that disclosure is necessary to prepare the witness for the testimony, and only after the witness has signed a copy of Exhibit A or consents under oath on the record to abide by the requirements in Exhibit A. This provision does not preclude the designating party from objecting to or moving to preclude disclosure to any deponent or witness, or to seek amendment of this provision in the future, if it believes it has a good faith basis for such objection or motion;

(k) Any other person mutually agreed upon by the Parties, provided that such person has been informed of this Protective Order and has signed a copy of Exhibit A; and

(l) Any mediators or arbitrators selected to assist in resolution of this matter, and their personnel who are actively engaged in assisting them, if they have signed a copy of Exhibit A.

**6. Party's Own Information.** The restrictions on the use of Confidential Material established by this Protective Order are applicable only to Confidential Material received by a party from another party or from a non-party as a direct result of this litigation. A party is free to do whatever it desires with its own Confidential Material.

**7. Related Material.** The restrictions on the use of Confidential Material established by this Protective Order shall extend to: (a) all copies, extracts, and complete or partial summaries prepared from such Confidential Material, and each page of all such copies, extracts, and summaries must contain the "Confidential" legend required in Paragraph 2 above; and (b) portions of briefs, memoranda, or any other writing filed with the Court and exhibits thereto that contain or reflect the content of any Confidential Material, copies, extracts, or summaries, provided that such writings are identified as containing Confidential Material and are marked "Confidential" as required in Paragraph 2.

**8. Designation of Documents Under Seal.** Confidential Material may be included in whole or in part in pleadings, motions, briefs, or otherwise filed with the Court as necessary. However, any such Confidential Material shall be filed under seal. Pursuant to NECivR 7.5(a)(i), "[a] motion to seal is not required if the document or object is already subject to a protective order[.]" NECivR 7.5(a). Therefore, a party need not file a motion to seal before filing a sealed document or object subject to this Protective Order. However, a party that seeks to file under seal any Confidential Material must comply with NECivR 7.5.

**9. Depositions.** Testimony taken at, and exhibits used at, a deposition may be designated as "Confidential" under the terms of this Protective Order by making a statement to that effect on the record at the deposition. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind confidential portions of the transcript or exhibit(s) and to label such portions respectively. In addition, each party shall have thirty (30) days after receipt of a deposition transcript to review such transcript and exhibits and to designate in writing portions of such transcript or exhibits as "Confidential." Until such designation, or the passage of thirty (30) days, the entire transcript and all exhibits shall be treated by all Parties as confidential. If testimony at a deposition or an exhibit is designated as confidential during the deposition, then only persons authorized to receive such information or documents under the terms of this Protective Order may be present during such portion of the deposition and may receive copies of deposition transcript portions so designated, subject to the right to challenge such designation in accordance with the terms of this Protective Order.

A document discussed during or attached as an exhibit to a deposition does not gain a designation of "Confidential" if only the deposition transcript is designated, in whole or in part, as "Confidential." Similarly, a document designated as "Confidential" that is discussed during or attached as an exhibit to a deposition does not lose a designation of "Confidential" if the deposition transcript is not designated, in whole or in part, as "Confidential."

**10. Use of Confidential Material at Hearing or Trial.** At any hearing or trial relating to this proceeding, subject to the rules of evidence and order of the Court, including Paragraph 7 above, a party may use any Confidential Material for any purpose related to the subject of the hearing or trial. In the event that any Confidential Material is used in any court proceeding in connection with this litigation, it shall not lose its status as Confidential Material through such use, provided that the Parties take steps reasonably calculated to protect its confidentiality during such use. The Parties may request that attendance at those portions of the hearing or trial or access to the transcripts of those hearings or the trial in which Confidential Material is disclosed be restricted to court personnel and persons authorized to receive such disclosure by the terms of this Protective Order. The Parties agree to cooperate in restricting attendance to those persons authorized to receive such disclosure. The Parties furthermore agree that they will not challenge the designation of the Confidential Material at a hearing or the trial unless they have previously objected to such designation at least ten (10) business days in advance of such hearing or trial.

When using any document or other material as an exhibit at trial or otherwise displaying it to the jury or finder of fact at trial, all markings indicating that the document or material had previously been designated by the party pursuant to this Protective Order as "Confidential" shall be removed prior to offering the document or material into evidence or displaying the same, and no mention shall be made of the previous designation of confidentiality. Such removal shall not alter the confidential nature and treatment of the document or material or the obligations of any party or third party under this Protective Order.

**11. Challenge to Designation.** In the event that the party receiving Confidential Material disagrees with the designation by the producing or designating party, or disagrees with the designation of deposition testimony as "Confidential," then the Parties initially will try to resolve the dispute on an informal basis. In presenting its challenge(s), the objecting party shall advise the designating party, in writing, of the specific Confidential Material (identified by Bates number, if applicable) to which each objection pertains and the specific reasons and support for such objections. If the Parties are unable to resolve such a dispute informally within ten (10) business days, the receiving party may apply to the Court for relief. Any such disputed items shall be treated as Confidential Material, as designated, and subject to the protections of this Protective Order unless and until the Court determines otherwise. No party shall be obligated to challenge the propriety of a "Confidential" designation, and failure to do so shall not constitute an admission that any item or information is in fact Confidential Material.

**12. Other Protections.** This Protective Order shall not preclude any party from seeking additional protection with respect to Confidential Material as that party deems appropriate. Nor shall any party be precluded from seeking an order from the Court permitting the disclosure or use of certain Confidential Material otherwise prohibited by this Protective Order.

**13. Subpoena by Other Courts or Agencies.** If another court or an administrative agency subpoenas or orders production of the Confidential Material which a party has obtained under the terms of the Protective Order, the party shall notify the designating party's counsel in writing of each such subpoena or order within three (3) business days of receipt of the subpoena or order, shall not disclose any Confidential Material prior to the date specified for production, and shall not oppose or otherwise interfere with any effort by the designating party to oppose or seek to limit the subpoena or order.

**14. Other Proceedings.** Any person or party subject to this Protective Order who becomes subject to a motion to disclose another party's Confidential Material shall notify the other party of the motion within three (3) business days of the filing of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed. Furthermore, Confidential Material shall not be provided to counsel or the parties in any other proceeding without the written consent of the producing party.

**15. Inadvertent Disclosure of Confidential Material to Others and Enforcement.** If Confidential Material is inadvertently disclosed by an Authorized Person to any person other than in the manner authorized by this Protective Order, or if an Authorized Person becomes aware of an attempt to hack or otherwise gain unauthorized access to a system containing Confidential Material (jointly, "Unauthorized Actions"), the Authorized Person must immediately bring all pertinent facts relating to the Unauthorized Actions to the attention of counsel for the Parties and, without prejudice to other rights and remedies of any party, make a reasonable good faith effort to retrieve such material and to prevent further Unauthorized Actions.

The Parties agree that any alleged violation of this Protective Order shall be presented for decision by the Court by noticed motion with an opportunity to respond. All persons receiving or given access to Confidential Material in accordance with the terms of this Protective Order consent to the continuing jurisdiction of the United States Court for the District of Nebraska for the purposes of enforcing this Protective Order and remedying any violations thereof.

Unintentional disclosure, without the required confidentiality designation, of any Confidential Material shall not be deemed a waiver in whole or in part of the disclosing party's claim of confidentiality, either as to the specific Confidential Material disclosed or as to the same or related subject matter. This paragraph and its subparts shall be interpreted to provide the maximum confidentiality protection allowed under applicable law.

Following any such unintentional production, the disclosing party may give written notice to each receiving party, as soon as feasible after the discovery of the disclosure, that the specific material identified in the notice is confidential under this Protective Order. Upon receipt of the notice, each receiving party shall treat the identified material as confidential until: (a) the Parties agree to its non-confidential treatment; or (b) the Court, on motion, determines its appropriate treatment. On any motion, the receiving party shall not assert as grounds for relief the fact or circumstances of the disclosure. Within ten (10) days of receiving the notice, the receiving party

shall return or destroy all copies of the identified material and shall notify every person or entity to whom the receiving party distributed the identified material that the material should be destroyed or returned promptly to counsel for the receiving party and that, until further notice, the material constitutes Confidential Material under this Protective Order. As soon as feasible, the disclosing party shall re-produce the identified material with the required confidentiality legend.

**16. Protocols Regarding Unintentionally Disclosed Privileged or Work Product Material.** If a disclosing party unintentionally produces or provides discovery which it believes is subject to a claim of attorney-client privilege, work product immunity, or any other privilege ("Disclosed Privileged Information"), such inadvertent disclosure shall not constitute in this or any other action a waiver or forfeiture of any privilege otherwise attaching to the Disclosed Privileged Information or its subject matter.

Federal Rule of Evidence ("FRE") 502(b) is inapplicable to Disclosed Privileged Information, which shall receive the maximum protection afforded by FRE 502(d). Under FRE 502(d) and 28 U.S. Code § 1738, this Protective Order shall be enforceable and granted full faith and credit in all other state and federal proceedings. Any subsequent conflict of law analysis shall apply the law most protective of privilege and work product.

Nothing in this Protective Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the disclosing party that such materials have been produced. In addition, the disclosing person may give written notice to the receiving party that the document or thing is deemed privileged and that return of the document or thing is requested. Upon such written notice or upon recognizing that Disclosed Privileged Information reasonably appears to be privileged, the receiving party shall not copy, distribute, or otherwise use such materials in any manner and shall immediately gather the original and all copies of the document or thing of which the receiving party is aware and shall immediately return the original and all such copies to the disclosing party. Return of the document by the receiving party shall not preclude the receiving party from later moving the Court to compel production of the returned documents or things. On any motion, Disclosed Privileged Information shall be filed or lodged conditionally under seal solely for the Court's *in camera* review, the fact or circumstances of the production of Disclosed Privileged Information shall not be used as a ground for entering an order, and the moving party shall not use

the contested Disclosed Privileged Information in any way or disclose it to any person other than those required by law to be served with a copy of the sealed motion.

**17. Privilege Logs.** Privilege logs provided *in lieu* of producing requested documents shall be produced no more than sixty (60) days after the date upon which the documents would have been required to be produced. Privilege logs shall be produced in native Excel format.

No party shall be required to list on a privilege log documents prepared for the prosecution or defense of this action or constituting or disclosing communications between clients and their counsel related to this action. With respect to partially-privileged documents produced in redacted form, and *in lieu* of listing such produced documents individually on the privilege log, a party shall provide, as an appendix to the privilege log, an Excel-format listing of the beginning production-Bates-number of each such produced redacted document and the basis of the claim for the redaction. If a document containing privileged information is part of an email thread, the producing party shall list on the privilege log only the most-inclusive email in the thread and shall include in a separate column on the log all information in the ALL PARTICIPANTS field for that email. As appropriate, a producing party may propose reasonable category listings for use in a privilege log, and the Parties shall cooperate reasonably in resolving any disagreements regarding proposed categories.

**18. Inconsistent Designations.** In the event a party produces two or more identical copies of a document and any such copy is designated with a lesser degree of confidentiality than any other copy, all such identical documents shall be treated in accordance with the most restrictive designation on any copy once the inconsistent designation is known. The producing party shall be responsible for informing the party receiving the inconsistently designated information of the inconsistent designation.

**19. Return of Confidential Material.** Within sixty (60) days after the conclusion of this litigation, unless the Parties agree in writing to the contrary, any originals or reproductions of any documents produced by a producing party containing Confidential Material shall be returned or destroyed, by cross-cut shredding, except that outside counsel of record shall be entitled to retain attorney work product and, for archival purposes, one (1) paper and one (1) electronic copy of pleadings, correspondence, depositions, exhibits, and memoranda which contain or refer to Confidential Material. Notwithstanding this provision, outside counsel of record in this matter shall not be required to delete information that may reside on their respective firms' electronic

disaster recovery systems which are overwritten in the normal course of business. However, the outside firms that have appeared as counsel of record in this matter shall not retrieve any Confidential Material from any firm's electronic disaster recovery systems after the conclusion of this action; if any such Confidential Material is restored from backup media by the receiving party, that party must promptly take steps to return or destroy the restored Confidential Material. This paragraph also applies to any experts or other individuals who were provided Confidential Material during the course of the litigation. The terms and provisions of this Protective Order shall continue to apply to any Confidential Material retained by counsel.

**20. Waiver or Termination.** The provisions of this Protective Order may not be modified, waived, or terminated except by the written stipulation of counsel or order of the Court. Termination of the proceedings shall not relieve any person from the obligations of this Protective Order, unless the Court orders otherwise. The Court shall retain jurisdiction to enforce the Protective Order despite the termination of this lawsuit. This Protective Order is, and shall be deemed to be, an enforceable agreement between the Parties, their agents, and their attorneys.

**21. Notice.** All notices required by this Protective Order are to be served via email to the appropriate attorney(s):

> Michael K. Huffer
> Cassem, Tierney, Adams, Gotch & Douglas
> 9290 West Dodge Road, Suite 302
> Omaha, Nebraska 68114

and

> Christopher P. Welsh
> Welsh & Welsh, PC LLO
> 9290 West Dodge Road, 204
> The Mark
> Omaha, NE 68114

The date by which a party to this action receiving a notice shall respond, or otherwise take action, shall be computed from the date indicating when the email was received unless received after 5:00 p.m. Central Time. Service after 5:00 p.m. Central Time shall be deemed served the following day. Any of the notice requirements herein may be waived in whole or in part, but only in writing signed by an attorney for the party designating Confidential Material under this Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: October 21, 2019

/s/Michael K. Huffer
Michael K. Huffer – 18087
Cassem, Tierney, Adams, Gotch & Douglas
9290 West Dodge Road, Suite 302
Omaha, NE 68114

*Attorneys for Defendant Ethicon Endo-Surgery, Inc.*

/s/Christopher P Welsh
Christopher P. Welsh – 22279
Welsh & Welsh, PC LLO
9290 West Dodge Road
204 The Mark
Omaha, NE 68114
Tel. (402) 384-8160

*Attorneys for Plaintiffs Keith E. McClain and Joyce A. McClain*

PURSUANT TO THIS STIPULATION, IT IS SO ORDERED.

DATED this 21st day of October, 2019.

s/ Michael D. Nelson
United States Magistrate Judge

# EXHIBIT A

## WRITTEN ACKNOWLEDGEMENT TO ABIDE BY THE TERMS OF THE

## STIPULATION AND PROTECTIVE AGREEMENT REGARDING CONFIDENTIALITY

I, _____, do solemnly swear that I am fully familiar with the terms of the agreed Protective Order concerning confidentiality that was entered into by the parties in connection with *Keith E. McClain and Joyce A. McClain v. Ethicon Endo-Surgery, Inc.*, Case No. 8:19-cv-00053, and hereby agree to be bound by the terms and conditions of the Protective Order, even after this litigation concludes. I further swear that I am reviewing Confidential Material solely for the purposes of the above-referenced litigation, and that, except as authorized in the Protective Order, I shall not disclose Confidential Material, in any form whatsoever, to others. I further swear that I shall return or destroy Confidential Material in my possession, custody, or control in the manner and time specified by the Protective Order. I attest to my understanding that, if I fail to abide by the terms of the Protective Order, I may be subject to sanctions, including contempt of court, for such failure. I hereby consent to the jurisdiction of the United States District Court for the District of Nebraska, for the purposes of enforcing the Protective Order.

Printed Name:

_____

I am employed by:

_____

My title is:

_____

Dated:

_____

Signature:

_____